Matthew M. Levy, J.
On this motion by the defendant J. S. Inskip, Inc. (one of three defendants) to dismiss the complaint for legal insufficiency as against it, the confusion resulting from the causes of action not being separately stated and numbered cannot detract from the sufficiency of the complaint, if there art allegations adequate enough upon which to base a count against the movant. Also, notwithstanding the difficulty in the form of the pleading here, all inferences must, on this motion, be drawn most favorably in its support.
With these well-established precepts to guide us, it has become necessary to distill the plaintiff’s claim from the group allegations pleaded against all of the defendants.
Plaintiff sets forth in his complaint two identical causes, each based upon the purchase of an automobile from the defendant Bolls Boyce Limited, which made certain warranties in respect of quality and use, and upon which warranties plaintiff relied, and which were breached. The allegation is made further that the defendants Bolls Boyce Inc. and J. S. Inskip, Inc., are associated and affiliated with the defendant Bolls Boyce Limited, and that defendant Bolls Boyce Limited requested plaintiff to take the vehicles to the defendants Bolls Boyce Lie. and J. S. Inskip, Inc., for the purpose of repair. Then it is alleged ‘ ‘ that on numerous occasions plaintiff did so and defendants attempted to repair the same, but failed so to do on each such occasion ”, resulting in plaintiff expending substantial sums in attempts to put the automobile in working order. Plaintiff seeks to recover these moneys and other damages sustained.
Thus stated, I ignore the allegation that plaintiff sought to rescind the purchase, and the consequent impression that the plaintiff is suing here to recover the purchase price from the movant. Indeed, the damages claimed are far in excess of the purchase price paid.
In my view, a cause of action is asserted against the movant upon the basis of the claimed facts that plaintiff brought the vehicles to the movant to have the defective conditions remedied, that the movant attempted to remedy such defective conditions, but failed to do so, and that plaintiff expended moneys in efforts to make good such defective conditions and was thus damaged.
The undertaking by the moving dependant to make the repairs is a separate agreement, the failure to perform which gives rise to a cause of action for resulting damages.
The motion to dismiss is denied, and leave is granted movant to answer within 10 days after service of a copy of the order hereon with notice of entry.