■ IRVING GEIST, Respondent, v. ROLLS ROYCE LIMITED et al., Defendants, and J. S. INSKIP, INC., Appellant.— Order, entered on April 23, 1962, unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to appellant, and the complaint dismissed, with leave to respondent to replead. In this action for breach of warranty for the purchase of a Rolls

Royce and Bentley automobile, the defendant-appellant, J. S. Inskip, Inc., appeals from an order denying its motion to dismiss the complaint for insufficiency. The two causes of action allege on information and belief that Inskip was "associated and affiliated" with the codefendant Rolls Royce Limited. The only other reference in the complaint to appellant is an allegation that the defendant Rolls Royce Limited requested plaintiff to bring the automobile to J. S. Inskip, Inc., for repairs and thereafter defendants attempted to but **failed to remedy the alleged defective** conditions. As to the appellant, the complaint in its most favorable reading does not state any facts which could be considered to constitute a breach of warranty based upon a sale or transaction between the parties. The fact that it states that appellant was "associated and affiliated" with the seller, is too vague and indefinite to permit a reasonable inference to be drawn that appellant was in fact a vendor or in privity with the plaintiff. Nor can it be reasonably held that the complaint alleges a cause of action for a breach of duty or failure to perform when the cars were brought for repairs. "While a refined and attenuated analysis might arguably spell out a shadow of a cause of action, neither the defendants nor the trial court should be subjected to the difficulties." (*Kent* v. *Truman*, 9 A D 2d 649; see, also, *Safer Beef Co.* v. *Northern Boneless Beef*, 15 A D 2d 479.) Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ. [34 Misc 2d 1056.]